a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LORENZO CRUZ NUNEZ MENA,        CIVIL DOCKET NO. 1:20-CV-00894-P
Petitioner

VERSUS                          JUDGE DRELL

WILLIAM JOYCE, *ET AL.*,        MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 (ECF No. 1) filed by *pro se* Petitioner Lorenzo Cruz Nunez Mena ("Mena"), with
a request that neither Mena "nor the class he represents" be transferred from the
Catahoula Correctional Center ("CCC") during the pendency of his proceedings.  The
Court construes this request as a Motion for Temporary Restraining Order ("TRO").

Because Mena does not allege that he faces any immediate and irreparable
injury, loss, or damage, and he provides no justification to enjoin ICE from moving
him or any other detainee to another facility, Mena's Motion for TRO should be
DENIED.

I.    Background

Mena is a detainee in the custody of the Department of Homeland Security
("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at
CCC.  Mena alleges that his custody is unconstitutional in light of the coronavirus
("COVID-19") pandemic.  Mena ultimately seeks a release from custody under § 2241.

Mena asks that ICE be enjoined from transferring him and his "class members" out of CCC while the § 2241 Petition is pending.  ECF No. 1 at 7.

II.   **Law and Analysis**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Mena does not allege that any immediate or irreparable injury, loss, or damage would occur without the TRO.

Mena's physical presence in this district is not required for the adjudication of his Petition.  Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner.  *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).  Therefore, the transfer of Mena out of the Western District of Louisiana would not destroy the Court's jurisdiction over Mena's habeas claim.

Additionally, § 2241 petitions regarding the legality of detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings.  And because Mena is proceeding *pro se,* there is no issue regarding his ability to meet with counsel.

Next, claims regarding prison transfers are generally not cognizable under §

2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not

cognizable under § 2241 because prisoners lack a constitutionally protected interest

in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44

(3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged

a transfer).  There is no protected liberty interest in being housed in a particular

facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates

v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

## III.    Conclusion

Because Mena does not allege that he faces any immediate and irreparable

injury, loss or damage, and he provides no justification to enjoin ICE from moving

him or any other detainee to another ICE facility, IT IS RECOMMENDED that

Mena's Motion for TRO to prohibit his transfer from CCC be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any

party may serve and file with the Clerk of Court written objections to this Report and

Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond

to another party's objections within fourteen (14) days after being served with a copy

thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court.  The District Judge will

consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 21st day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE