a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LORENZO CRUZ NUNEZ MENA, Petitioner | CIVIL DOCKET NO. 1:20-CV-0894-P |
| VERSUS | JUDGE DRELL |
| WILLIAM JOYCE, *ET. AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an Emergency Motion for Temporary Restraining Order (ECF No. 27) and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Lorenzo Cruz Nunez Mena ("Mena"), as well as a Motion to Dismiss (ECF No. 29) filed by the Government. Mena is a detainee in the custody of the Bureau of Immigration and Customs Enforcement, currently detained at the Adams County Correctional Center ("ACCC") in Washington, Mississippi. ECF No. 31. At the time of filing, Mena was detained at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. ECF No. 1.

Because Mena is no longer incarcerated at CCC, the Motion to Dismiss (ECF No. 29) should be GRANTED; the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and the Emergency Motion (ECF No. 27) should be DENIED as MOOT.

I. Background

Mena is a native and citizen of Honduras. ECF. No. 1 at 21. Mena alleges that he has been in ICE custody since June 3, 2019. *See id.* Mena challenges the

constitutionality of his detention because of the coronavirus ("COVID-19") pandemic.

Mena alleges that he was exposed to a person who tested positive for COVID-19, and

he has been placed in a cohort with 67 other inmates. *See id.* Mena alleges that he

is at high risk for contracting COVID-19 because he is in a cohort with inmates who

have all been exposed. ECF No. 1 at 14. Mena allegedly suffers from pre-diabetes,

high cholesterol, and depression. ECF No. 1 at 21.

Mena alleges that inmates at CCC are spaced less than three feet apart when

they sleep, eat, and use the common area. ECF No. 1 at 16. He alleges that inmates

have to ration soap. ECF No. 1 at 18. Mena claims that inmates have no personal

protective equipment and cannot purchase it in the commissary. ECF No. 1 at 19.

Mena alleges that at least 16 people at CCC have tested positive for COVID-

19. ECF No. 1 at 21. According to ICE, there are currently no cases of COVID-19 at

CCC, but there has been a total of 119 cases. www.ice.gov/coronavirus.

Mena purports to file this Petition on behalf of a class of inmates at CCC.

Consideration of class certification has been stayed pending adjudication of the

Government's Motion to Dismiss. ECF No. 26.

As of November 5, 2020, Mena has been transferred from CCC to ACCC. ECF

No. 31.

## II.    Law and Analysis

Mena seeks a temporary restraining order, and ultimately habeas relief,

ordering his release from custody due to the conditions at CCC and the lack of

protection from COVID-19 at that facility. However, Mena is no longer detained at

CCC. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Mena's claim for injunctive relief to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at CCC. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (transfer from facility mooted claims for declaratory and injunctive relief where possibility of transfer back to facility was too speculative to warrant relief). Mena has not shown a reasonable expectation that he will returned to CCC.

Jurisdiction attaches upon filing a habeas petition, and it is generally not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). However, in this case, Mena's claim for habeas relief is based solely on the COVID-19 conditions and outbreak at CCC. The COVID-19 analysis is facility-specific. *See Ndudzi v. Castro*, 20-CV-0492, 2020 WL 3317107, at *6 (W.D. Tex. June 18, 2020) (citing *Dada v. Witte*, No. 1:20-CV-00458, 2020 WL 2614616, at *2 (W.D. La. May 22, 2020)). And, "[w]hen the government has voluntarily transferred an immigration detainee who has alleged COVID-19 claims relating to his or her continued detention in the facility transferred from, 'there is no longer a "live" controversy between adversarial parties' related to the virus." *Vasquez Barrera v. Wolf*, No. 4:20-CV-1241, 2020 WL 2617939, at *2 (S.D. Tex. May 25, 2020); *Ndudzi,*

2020 WL 3317107, at *6; *see also Tamfu v. Ashcroft*, 54 F. App'x 408, 408 (5th Cir. 2002) (per curiam).  Thus, even though a petitioner's transfer does not generally render habeas claims moot, it does when the request for release is premised upon conditions of confinement at a specific facility.  *See Ndudzi*, 2020 WL 3317107 at *7.

III.    Conclusion

Because Mena has been transferred from CCC, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 29) be GRANTED; the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and the Emergency Motion for Temporary Restraining Order (ECF No. 27) be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the

District Judge, except upon grounds of plain error.

SIGNED on Friday, November 13, 2020.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE